Smith, P. J.
In this case the trial judge held that the facts alleged in the answer constituted no defense, and overruled the defendants’ offer to prove them, and ordered the jury to find a verdict in favor of plaintiff for the *650 amount claimed. The action is for the sum of $376.41, with interest from 14th April, 1886, alleged to be the balance due for a stock of merchandise sold and delivered by thé plaintiff to the defendants, at the date above mentioned. The answer alleges, in substance, that a large portion of the goods sold by the plaintiff to the defendants was originally owned by Francis P. Terry, the plaintiff’s father, who sold his business, including said goods, to his wife, Sarah Terry, the plaintiff’s mother, and she sold them to the plaintiff; and that, at the time of such sale to the plaintiff, the said Francis and Sarah were owing debts to several persons growing out of said business and the purchase of said goods, and suits were pending and judgments had been obtained on account thereof, and it was claimed by many of their creditors that said sale of the goods to the plaintiff was fraudulent and void as against the claims of said creditors, and suits were commenced and threatened to be commenced to set aside said transfer to the plaintiff.
That for the purpose of obviating any question as to the title to the goods which defendants might acquire by such purchase, and as an inducement to defendants to purchase said goods and property mentioned in the complaint, and as a part of the consideration of said agreement of purchase by defendants, it was agreed between the parties thereto, among other things, that the defendants should retain in their possession a sufficient amount of money to cover the amount of a judgment obtained on 7th December, 1885, in this court, in favor of the New House Sewing Machine Company against Sarah and Francis Terry for $327.87 and $20.80 costs and the interest thereon, until said judgment should be paid by the plaintiff, which sum it was agreed between the parties to this action and to said agreement amounted to the sum of $376.41 as near as the same could be estimated, and that said sum has since been retained by them in pursuance of said agreement for that purpose, and for no other, and which sum is the only moneys unpaid on said purchase and is the same moneys referred, to in the complaint; and that when this suit was commenced, the judgment above described had not been paid by the plaintiff, but now remains of record, wholly unpaid and unsatisfied.
We cannot concur in the view taken of this answer at the circuit. It appears to us to set up a good defense. According to the terms of the agreement, as alleged in the answer, the sum claimed in the complaint was not due when the action was commenced. The defendants were under no obligation to pay that sum, while the judgment mentioned was outstanding, and that, as the answer avers, is still unpaid. The agreement of the plaintiff that the *651 defendants might retain that part of the purchase money until the happening of the event mentioned, was founded on a good consideration, it having been made as an inducement to the purchase and in consideration of the same. It was not against public policy or void.
It is suggested by the plaintiff’s counsel that if the agreement is upheld the defendants would escape liability, even if the judgment should be paid, unless it be paid by the plaintiff. True, the language of the agreement, as set out in the answer, is that the defendants may retain the money till the judgment shall be paid by the plaintiff. For the present purpose, we are to assume that the agreement is correctly set forth, and that the plaintiff entered into it understandingly, and that he had reasons of his own for making it in that shape. It was entirely competent for him to do so He may have had some arrangement with the judgment debtors, his parents and vendors, whereby he assumed the payment of the judgment; or, if not, it may well be held that payment by the judgment debtors would enure to his benefit and satisfy the condition of his agreement with the defendants.
We think there should be a new trial, costs to abide event.
Haight and Bradley, JJ., concur.